UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY EUGENE JONES,<br><br>          Plaintiff,<br><br>    v.<br><br>HENRY C. AGUWA, et al.,<br><br>          Defendants. | Case No. 1:21-cv-01207-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 26)<br><br>DIRECTING CLERK OF COURT TO FILE AMENDED ANSWER (ECF No. 26-3) |

      Plaintiff Tracy Eugene Jones is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Defendants' motion for leave to file an amended answer to Plaintiff's first amended complaint, filed March 1, 2022.  Plaintiff did not file an opposition and the time to do so has now passed.  Local Rule 230(l).

**I.**

**DISCUSSION**

    **A.**    **Legal Standard**

      Ordinarily, motions to amend the pleadings are governed by Federal Rule of Civil Procedure 15(a). That Rule provides that unless a party can amend its pleading as a matter of course (which is not applicable here), the party "may amend its pleading only with the opposing party's written consent or

1

the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." Id.

However, once a court has entered a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, the standards of Rule 16, rather than Rule 15, govern amendment of the pleadings. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification," although the "existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny the motion[.]" Id. (citing Gestetner Corp. v. Case Equip Co., 108 F. R. D 138, 141 (D. Me. 1985) ).

If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. Johnson, 975 F.2d at 608. Leave to amend should be granted unless the amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962) ). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Baisa v. Indymac Fed. Reserve, No. 2:09–CV–01464–WBS–JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 8, 2010).

Here, because the Court has issued the discovery and scheduling order, Defendants' motion must be analyzed under both Rules 15 and 16.

**B.      Analysis of Defendants' Motion**

Defendants seek leave to amend their answer to add exhaustion of administrative remedies as an additional affirmative defense.  Defendants declare that they sought leave to amend as soon as the inadvertent omission of this defense was discovered while preparing their motion for summary

judgment based on exhaustion due on April 10, 2022. (Declaration of C. Hay-Mie Cho (Cho Decl.) ¶ 2.) The record indicates no failure of diligence on the part of Defendants in seeking to amend the answer. Further, considering the factors applicable to leave to amend under Rule 15, the Court does not find bad faith, undue delay, prejudice to plaintiff, or futility of the proposed amendment. More specifically, there is no showing that Plaintiff will be prejudiced by amendment as he is aware of all facts related to whether exhaustion bars his claims, and amendment promotes judicial economy because exhaustion is a complete defense that may allow the case to be resolved in its entirety. In addition, there is no showing that amendment was sought for an improper purpose or that Plaintiff will be prejudiced by the proposed amendment. Accordingly, Defendants' motion shall be granted.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to amend their answer to add administrative exhaustion as an affirmative defense is GRANTED; and

2. The Clerk of Court shall filed Defendants' amended answer (ECF No. 26-3).

IT IS SO ORDERED.

Dated:   **March 29, 2022**

UNITED STATES MAGISTRATE JUDGE