UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY EUGENE JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HENRY C. AGUWA, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01207-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S EXHAUSTION MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 31) |

　　　Plaintiff Tracy Eugene Jones is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Defendant Cisneros's motion for summary judgment for failure to exhaust the administrative remedies, filed April 19, 2022.

**I.**

**RELEVANT BACKGROUND**

　　　This action is proceeding against Defendants T. Cisneros, Henry Aguwa, and R. Dela Cruz for violations of Plaintiff's First Amendment right to free exercise of religion and Fourteenth Amendment right to equal protection.

　　　Defendants filed an answer to the complaint on December 6, 2021.

　　　On January 10, 2022, the Court issued the discovery and scheduling order.

1

On March 29, 2022, Defendants filed a first amended answer.

On April 19, 2022, Defendant Cisneros filed the instant motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff filed an opposition on May 13, 2022, and Defendant filed a reply on May 27, 2022.

## II.

## LEGAL STANDARD

### A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

///

///

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

In arriving at this Findings and Recommendation, the court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

# III.

# DISCUSSION

## A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, §§ 3481-3487.[1] Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). There are two levels of review available to inmates: 1) the Office of Grievances at the institution level and 2) the Office of Appeals in Sacramento. Cal. Code Regs. tit. 15, §§ 3481-83, 3485.

Inmates are entitled to submit a written grievance to the Office of Grievances containing one or more claims to dispute a policy, decision, action, condition, or omission by the California Department of Corrections and Rehabilitation (Department) or departmental staff that causes some measurable harm to their health, safety, or welfare. Id., § 3481(a). Inmates must submit their claims within 30 days of discovering an adverse policy, decision, action, condition, or omission by the Department. Id., § 3482(b). Inmates may also submit a written appeal disputing the decision from the Office of Grievances to the Office of Appeals, but must do so within 30 calendar days of discovering the decision from the Office of Grievances. Id., § 3485(a), (b).

At the time Plaintiff submitted his grievance, institutional staff had 60 calendar days, from the time they receive an administrative grievance, to provide a written response and approve each claim in the grievance as disapproved, approved, no jurisdiction, redirected, reassigned, rejected disallowed, under inquiry or investigation, or time expired. Id., § 3483(i); (DSUF, ¶ 7.) Completion of the review process by the Office of Grievances resulting in a decision of under inquiry or investigation, pending legal matter, or time expired constitutes exhaustion of all administrative remedies available to an inmate. Id., § 3483(m)(2).

---

[1] All citations to Title 15 of the California Code of Regulations refer to the version of Title 15 in effect in August 2020.

Decisions by the Office of Appeals represent the final level of review in the Department's grievance and appeal process, and are rendered on behalf of the Secretary of the Department. (Declaration of H. Moseley (Moseley Decl.) ¶ 5.)  A review of a claim contained in an appeal by the Office of Appeals concludes the grievance and appeal for an offender, and constitutes exhaustion of all administrative remedies unless the claim was rejected for reasons provided within the regulations.  (Moseley Decl. ¶ 7.)

### B.      Summary of Plaintiff's Allegations

Plaintiff is of Judaism faith and embraces the Ten Commandments.  Plaintiff is entitled to receive kosher meals.  Plaintiff made a request for a kosher diet and explained the need for the diet in order to practice his religion as a Messianic Jew.

Plaintiff's religion requires kosher diet for Judaism that is similar to White inmates of the Jewish faith and the Orthodox Jews.  Defendants refused to accommodate Plaintiff's religious diet, but accommodated White inmates of the Jewish faith and the Orthodox Jews.

Defendants Aguwa, Cisneros, and Dela Cruz violated Plaintiff's religious rights by denying his kosher diet.  Defendant Aguwa denied Plaintiff's CDCR Form 3030 on August 1, 2020, stating insufficient evidence/information provided.  Defendants Dela Cruz denied Plaintiff's CDCR Form 30303 on August 27, 2020.  Defendant Cisneros failed to investigate Defendants Aguwa and Dela Cruz's action in denying Plaintiff a kosher diet.  Defendant Cisneros as the Warden had a duty to know and act on Defendant Aguwa and Dela Cruz's denial of Plaintiff's kosher meals.  Defendant Cisneros had personal knowledge of Defendant Aguwa and Dela Cruz's actions in denying Plaintiff his kosher meals, because Plaintiff sent an Inmate Request Form GA-22 to Warden Cisneros informing him that he was being denied kosher meals.  On information and believe, Cisneros is a member of the RRC Committee.

Defendants are intentionally treating Plaintiff who is a Black American Messianic Jew differently than they are treating White inmates of the Jewish faith and Orthodox Jews.

Defendants prevented Plaintiff from eating nutritious kosher meals on a daily basis for an extended number of months.  Defendants served Plaintiff with non-kosher meals that he could not eat.

///

///

**C.     Statement of Undisputed Facts[2]**

1.     Plaintiff is an inmate at the Substance Abuse Treatment Facility and State Prison, Corcoran (SATF). On September 20, 2021, Plaintiff filed a first amended complaint and alleged that Defendants Chaplain H. Aguwa, Warden T. Cisneros, and Community Resources Manager Dela Cruz denied him a kosher diet in August 2020 in violation of his free exercise and equal protection rights. (First Am. Compl. (FAC) at 3-11, ECF No. 10; Pl.'s Dep. at 19:22-25, 22:5-7.)

2.     Title 15 of the California Code of Regulations provides procedural requirements that inmates must follow when submitting administrative grievances.

3.     There are two levels of review available to inmates: 1) the Office of Grievances at the institutq1ion level and 2) the Office of Appeals in Sacramento.

4.     Inmates are entitled to submit a written grievance to the Office of Grievances containing one or more claims to dispute a policy, decision, action, or omission by the California Department of Corrections and Rehabilitation or departmental staff that causes some measurable3 harm to their health, safety, or welfare.

5.     Inmates must submit their claims within 30 days of discovery an adverse policy, decision, action, condition, or omission by the Department.

6.     Inmates may also submit a written appeal disputing the decision from the Office of Grievances to the Office of Appeals, but must do so within 30 calendar days of discovering the decision from the Office of Grievances.

7.     At the time Plaintiff submitted his grievance, institutional staff had 60 calendar days, from the time they receive an inmate administrative grievance, to provide a written response and approve each claim in the grievance as disapproved, approved, no jurisdiction, redirected, reassigned, rejected, disallowed, under inquiry or investigation, pending legal matter, or time expired.

8.     Completion of the review process by the Office of Grievances resulting in a decision of under inquiry or investigation, pending legal matter, or time expired constitutes exhaustion of all

---

[2] Hereinafter referred to as "UF."

1 administrative remedies available to an inmate. (Cal. Code Regs. tit. 15, § 3483(m)(2); Lujan Decl. ¶ 5, Ex. A.)

2. 9. Decisions by the Office of Appeals represented the final level of review in the Department's grievance and appeal process and are rendered on behalf of the Secretary of the Department. (Moseley Decl. ¶ 5.)

10. A review of a claim contained in an appeal by the Office of Appeals concludes the grievance and appeal for an offender, and constitutes exhaustion of all administrative remedies unless the claims was: a) disallowed because the appeal package contained organic, toxic, or hazardous materials threatening the safety and security of staff; b) rejected because the claim was untimely; c) rejected because the claim concerns an anticipated policy, decision, action, condition, or omission by the Department; d) rejected because the claim substantially duplicates a prior claim; e) rejected because the claim concerns harm to a person other than the person who signed the grievance or appeal; or f) rejected because the claim concerns the regulatory framework for the grievance and appeal process itself. (Moseley Decl. ¶ 7.)

11. Plaintiff filed a total of 18 administrative grievances at SATF. (Lujan Decl. ¶ 5, Ex. B.)

12. On September 1, 2020, the Office of Grievances at the institution received Plaintiff's administrative grievance log number 35977. (Lujan Decl. ¶ 9, Exs. B & C.)

13. In grievance log number 35977, Plaintiff alleged that on August 27, 2020, Chaplain Aguwa and unnamed members of the Religious Review Committee denied Plaintiff the right to be placed on a kosher diet, stating only "Insufficient evidence/information provided" in the comments section of the CDCR 3030 form, which is an inmate request for a religious meal accommodation. (Lujan Decl. ¶ 9, Ex. C; Moseley Decl. ¶ 10; Pl.'s Dep. at 58:9-25, 59:1-21, Ex. D.)

14. In a written decision from Warden Cisneros, the Office of Grievances disapproved Plaintiff's claim because Plaintiff had been practicing Judaism for only eight months, and despite Plaintiff's statements to the contrary, a review of Plaintiff's case record had no indication that Plaintiff had been approved for the kosher diet at his previous institution. (Lujan Decl. ¶ 9, Ex. C; Pl.'s Dep. at 60:6-17.)

///

7

15. Plaintiff had not fully explained why the mainline pork-free diet could not satisfy his religious and spiritual needs. (Lujan Decl. ¶ 9, Ex. C.)

16. Plaintiff did not name Warden Cisneros in grievance log number 35977. (Lujan Decl. ¶ 9, Ex. C; Moseley Decl. ¶ 10; Pl.'s Dep. at 59:22-24.)

17. The Office of Appeals received Plaintiff's appeal or grievance log number 35977 on October 14, 2020. (Moseley Decl. ¶ 10.)

18. Under California Code of Regulations, title 15, section 3486(i), the Office of Appeals had sixty calendar days to complete a written response to Plaintiff's appeal. Cal. Code Regs. tit. 15, § 3486(i); Moseley Decl. ¶ 10.)

19. In a letter dated December 14, 2020 (but not mailed to Plaintiff until March 15, 2021), the Office of Appeals acknowledged that the time period to answer Plaintiff's appeal expired before the Office of Appeals was able to respond. (Moseley Decl. ¶ 10, Ex. B; Pl.'s FAC at 9:19-20.)

20. The decision by the Office of Grievances dated September 30, 2020, serves as the Department's final response to Plaintiff's allegations. (Moseley Decl. ¶ 10.)

21. Plaintiff did not file any other administrative grievances about his allegation that Chaplain Aguwa, Warden Cisneros, and Manager Dela Cruz violated Plaintiff's free-exercise and equal-protection rights with the denial of a kosher diet. (Lujan Decl. ¶ 10; Moseley Decl. ¶ 10; Pl.'s Dep. at 64:5-14.)

**D.  Analysis of Defendant's Motion**

Defendant Cisneros argues that although Plaintiff filed an administrative grievance about the denial of a kosher diet, the grievance did not name Cisneros and no other grievances naming him were filed.

In opposition, Plaintiff argues that he was not required to specifically name all Defendants in his grievance under Reyes v. Smith, 810 F.3d 654 (9th Cir. 2016) and he was not provided all of the names of the Religious Review Committee members. Plaintiff submits that he provided as much information as he had at the time the grievance was filed.

In response, Defendant argues that Reyes is distinguishable and Plaintiff failed to comply with the PLRA.

Here, it is undisputed that the factual content of grievance log no. 35977 is sufficient to exhaust the claims at issue in this action. Defendant Cisneros, however, submits that the grievance is insufficient to exhaust the claim as to him. Defendant Cisneros specifically argues that this grievance was insufficient to exhaust the claims against him because he was not named in the initial grievance, was not a member of the RCC committee, and only reviewed the grievance at the institutional level. The Court does not agree. In grievance log number 35977, Plaintiff alleged as follows:

> On August 27, 2020, Henry C. Aguwa and the unnamed members of the Religious Review Committee at S.A.T.F. denied me the right to be placed on the kosher diet stating only that "Insufficient evidence/information provided" in the comments section of the C.D.C.R. 3030 form. See Attached. I need to know the names of the members of the Religious Review Committee for the purpose of exhaustion of administrative remedies. Please provide me with these names. I cannot read the signature dated 8-27-2020 of the person who signed the C.D.C.R. form 3030 so please provide me with his name also. I believe my faith/religion requires me to adhere to the kosher diet.

(Lujan Decl. Ex. C.) Plaintiff requested to be provided with a kosher diet or a better decision for not providing it to him. (Id.)

In denying the grievance, Defendant Cisneros stated as follows:

> You submitted a CDCR Form 3030 dated July 29, 2020 which was reviewed by the Religious Review Committee (RRC) on August 26, 2020. It was determined by the RRC to deny your request to a Kosher Diet due to insufficient evidence and additional information needed provided during your Religious Diet Program interview with Chaplain Aguwa on August 12, 2020. It was determined you have been practicing Jud[a]ism for only (8) months and mentioned during interview you were approved for a Kosher Diet at the previously facility you were housed (Richard J. Donovan). A review of your Case Record File and the Inmate Meal Tracking did not provide any record you were previously approved for the Kosher Diet. In addition, you did not fully explain your religious/spiritual needs to be satisfied by the mainline diet with is pork free; therefore, RRC has denied your request at this time. Only the RRC has the determination to deny the CDCR Form 3030. You must wait six (6) months from the date of the 1st denial to reapply for a religious diet and the RRC will consider approval or disapproval. A copy of the denied CDCR Form 3030 was mailed to you via institutional mail on August 26, 2020. Members of the RRC include the Community Resource Manager, all institutional Chaplains, Food Service Manager, and Health Care Captain.

(Lujan Decl. Ex. C.) Plaintiff was not provided the requested relief by Defendant Cisneros.

The institutional level response authored by Warden Cisneros was based on the same information and actions by the RCC committee, and therefore involved the same factual issue as this action is proceeding. That is, the facts of the complaint explained above under section B support the

9

inference that Defendant Cisneros's denial of the grievance at the institutional level constituted a failure to prevent an ongoing violation of Plaintiff's free-exercise and equal-protection rights. Thus, Defendant Cisneros could have intervened but failed to properly to do. Consequently, Plaintiff was not required to file another round of administrative grievances challenging the Warden's denial of Plaintiff's grievance. See, e.g., Grant v. Cate, No. 2:14-cv-1867 MCE KJN P, 2016 WL 7116714, at *8 (E.D. Cal. Dec. 7, 2016) ("[A]n individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it.") (citing Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006); see also Damian v. Breen, No. 2:18-cv-00412-MWF (MAA), 2020 WL 7496314, at *8 (C.D. Cal. Nov. 13, 2020) ("The policy underlying the PLRA exhaustion requirement would not be served by requiring an aggrieved prisoner to begin a separate, largely duplicative round of administrative appeals every time another administrative reviewer manifests the same type of alleged deliberative indifference to the same type of alleged medical need.") Furthermore, any subsequent grievance would have likely been rejected as duplicative of grievance log no. 35977. (Moseley Decl. ¶ 7-appeal may rejected as duplicative of prior claim.) Whether Defendant Cisneros actually had the ability to intervene and remedy Plaintiff's alleged free-exercise and equal-protection violations is an issue to be resolved by way of motion for summary on the merits of Plaintiff's claims, not exhaustion. Under these circumstances viewed in the light most favorable to Plaintiff, the Court finds that grievance log number 35977 was sufficient to exhaust the claims against all Defendants, including Defendant Cisneros and the instant motion for summary judgment should be denied.

## IV.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Defendant Cisernos's motion for summary judgment for failure to exhaust the administrative remedies be denied.

///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 6, 2022**

UNITED STATES MAGISTRATE JUDGE