1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY EUGENE JONES,<br><br>          Plaintiff,<br><br>     v.<br><br>HENRY C. AGUWA, et al.,<br><br>          Defendants. | Case No. 1:21-cv-01207-JLT-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL<br><br>(ECF No. 42) |

     Tracy Eugene Jones (Plaintiff), a former state prisoner, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

     Currently before the Court is Defendants' motion to compel, filed September 9, 2022. (ECF No. 42.)

## I.

## RELEVANT BACKGROUND

     This action is proceeding against Defendants T. Cisneros, Henry Aguwa, and R. Dela Cruz for violations of Plaintiff's First Amendment right to free exercise of religion and Fourteenth Amendment right to equal protection.

     Defendants filed an answer to the complaint on December 6, 2021.

     On January 10, 2022, the Court issued the discovery and scheduling order.

     On March 29, 2022, Defendants filed a first amended answer.

     On September 9, 2022, Defendants filed the instant motion to compel. Plaintiff did not

1   file an opposition and the time to do so has passed.  Local Rule 230(l).

2

## II.

3

## LEGAL STANDARD

4       Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

5   confinement.  As a result, the parties were relieved of some of the requirements which would

6   otherwise apply, including initial disclosure and the need to meet and confer in good faith prior

7   to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c);

8   Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 21.   Further, where otherwise

9   discoverable information would pose a threat to the safety and security of the prison or infringe

10   upon a protected privacy interest, a need may arise for the Court to balance interests in

11   determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v.

12   Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and

13   language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the

14   Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v.

15   City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based

16   right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-

17   LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's

18   entitlement to inspect discoverable information may be accommodated in ways which mitigate

19   institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL

20   912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents

21   containing information which implicated the safety and security of the prison); Orr v. Hernandez,

22   No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests

23   for protective order and for redaction of information asserted to risk jeopardizing safety and

24   security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE

25   EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit

26   withheld documents for in camera review or move for a protective order).

27       However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The

28   discovery process is subject to the overriding limitation of good faith, and callous disregard of

discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.

### DISCUSSION

Defendants seeks to compel responses to their discovery requests that Plaintiff has not responded to even after meet-and-confer attempts.

On July 8, 2022, Defendants served Plaintiff with interrogatories and requests for admissions, pursuant to the Court's January 10, 2022 discovery and scheduling order.

1   (Declaration of C. Hay-Mie Cho (Cho Decl.) ¶ 3, Exs. A & B.)  Plaintiff's responses to the

2   interrogatories and admissions were due on August 22, 2022.[1]  Plaintiff did not respond to the

3   written discovery requests.  (Cho Decl. ¶ 3.)

4          On July 28, 2022, defense counsel received a voicemail from Plaintiff.  (Cho Decl. ¶ 4.)

5   Plaintiff stated that he had received mail from defense counsel, defense counsel would no longer

6   be hearing from him, and he no longer cared about this case.  (Id.)  On August 8, 2022, defense

7   counsel sent a letter to Plaintiff, proposing that the parties file a stipulation with the Court that

8   Plaintiff would be voluntarily dismissing this case.  (Cho. Decl. ¶ 5, Ex. C.)  Defense counsel did

9   not receive a response from Plaintiff.  (Cho Decl. ¶ 5.)

10          Although not required to meet and confer, defense counsel sent Plaintiff another letter on

11   September 2, 2022.  (Cho Decl. ¶ 6, Ex. D.)  Defense counsel informed Plaintiff that she did not

12   receive any responses to the discovery requests and would be proceeding with a motion to

13   compel.  (Id.)  Plaintiff did not respond to the letter.  (Cho Decl. ¶ 6.)

14          Given  Plaintiff's complete failure to respond to the discovery requests, Defendants'

15   motion to compel shall be granted, and the requests for admission are deemed admitted and

16   Plaintiff will be required to respond to each interrogatory request.

17                                              **IV.**

18                              **CONCLUSION AND ORDER**

19          Based on the foregoing, it is HEREBY ORDERED that:

20          1.      Defendants' motion to compel discovery is GRANTED;

21          2.      Defendants' requests for admissions served on July 8, 2022 are deemed admitted;

22          3.      Within **thirty (30)** days from the date of service of this order Plaintiff shall

23                  respond to Defendants' requests for interrogatories issued on July 8, 2022;

24

25

26   [1] Pursuant to Plaintiff's June 2, 2022 notice of change of address he was released from custody on or about July 6,
     2022.  (ECF Nos. 35, 38.)  Indeed, a search of the California Department of Corrections and Rehabilitation's Inmate
27   Locator website on October 3, 2022 under both Plaintiff's name and inmate identification number revealed no
     inmate by Plaintiff's name in California state prison.  CDCR Inmate Locator,
28   https://inmatelocator.cdcr.ca.gov/search.aspx.

4.      The discovery deadline is extended to **December 19, 2022**, to allow Defendants to file any additional motions to compel; and

5.      Plaintiff is advised that the failure to comply with a Court order may result in the imposition of sanctions and dismissal of the action. Local Rule 110.

IT IS SO ORDERED.

Dated:   **October 3, 2022**

UNITED STATES MAGISTRATE JUDGE