# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY EUGENE JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY C. AGUWA, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01207-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE BE GRANTED AND MOTION FOR SUMMARY JUDGMENT BE DENIED AS MOOT<br><br>(ECF Nos. 46, 47) |

    Tracy Eugene Jones (Plaintiff), a former state prisoner, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Defendants' motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b), filed December 19, 2022.

## I.

## RELEVANT BACKGROUND

    This action is proceeding against Defendants T. Cisneros, Henry Aguwa, and R. Dela Cruz for violations of Plaintiff's First Amendment right to free exercise of religion and Fourteenth Amendment right to equal protection.

    Defendants filed an answer to the complaint on December 6, 2021.  (ECF No. 15.)

    On January 10, 2022, the Court issued the discovery and scheduling order.  (ECF No. 21.)

    On March 29, 2022, Defendants filed a first amended answer.  (ECF No. 28.)

1

1   On September 9, 2022, Defendants filed a motion to compel responses to their discovery
2   requests. (ECF No. 42.) Plaintiff did not file an opposition.
3   On November 14, 2022, the Court granted Defendants' motion to compel, deeded the
4   requests for admissions admitted, and ordered Plaintiff to file a response to Defendants'
5   interrogatories by November 2, 2022. (ECF No. 43.)
6   On December 12, 2022, Defendants filed a motion for summary judgment on the merits
7   of Plaintiff's claims. (ECF No. 46.)
8   On December 19, 2022, Defendants filed a second motion to compel responses to the
9   outstanding discovery request or, alternatively, motion to dismiss for failure to prosecute. (ECF
10  No. 47.) Plaintiff has not filed an opposition and the time to do so has passed. Local Rule
11  230(l).

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. See Fed. R. Civ. P. 41(b); Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41

involuntary dismissal) (emphasis added); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); but see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## III.

## DISCUSSION

Having considered all of the above-mentioned factors, the Court concludes that dismissal of the case is warranted. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. Yourish v. California Amplifier, 191 F.3d 983, 990–91 (9th Cir. 1999). Defendants served their interrogatories on Plaintiff on July 8, 2022, and his responses were due on August 22, 2022, but Plaintiff failed to respond. (Declaration of Cho (Cho Decl.) ¶¶ 2-10, Exs. A & B, ECF No. 47-1.) Thereafter, the Court ordered Plaintiff to respond to the interrogatories by November 2, 2022, but Plaintiff did not comply with this order. (ECF No. 43; Cho Decl. ¶ 9.) In fact, Plaintiff did not respond to Defendants' attempts to meet and confer by letter. (Cho Decl. ¶¶ 6-10.)

The Court's need to efficiently manage its docket is apparent. This case has been pending since August 2021 and has stalled due to Plaintiff's failure to comply with the Court's discovery order. Thus, the Court's resources are better spent on other matters than needlessly consumed managing a case with a noncompliant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." Pagtalunan, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial

judges."). Defense counsel submits that between July and November 2022, they timely served their discovery request, wrote letters to Plaintiff regarding his failure to respond, and attempted to meet and confer with Plaintiff (even though they were not required to). Thus, Plaintiff's failure to respond to the interrogatories has hindered the ultimate resolution of this case.

Defendants will suffer prejudice as a result of Plaintiff's failure to cooperate with discovery. Delays, as in this case, have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). Defendants are entitled to conduct discovery of evidence and facts, and Plaintiff's failure to respond to the interrogatories prevents them from properly defending against the claims. Defendants have also been prejudiced by having to spend time and money in an effort to obtain the interrogatory responses that Plaintiff unjustifiably refuses to give.

Although public policy favors disposition of cases on the merits, this factor carries little weight to a party whose conduct impedes the efficient resolution of the case. See Allen v. Bayer Corp. (In re PPA), 460 F.2d 1217, 1237 (9th Cir. 2006) (a plaintiff's error in "halting movement towards a merits solution" should "substantially neutralize[] the negative effect of this factor.") Plaintiff brought this case to vindicate his rights under section 1983, and he therefore has a responsibility to diligently prosecute the case towards its disposition. However, Plaintiff's refusal to respond to the interrogatories stalls the resolution of this case. Consequently, Plaintiff cannot avail himself of this factor's support.

Lastly, no lesser sanction will deter Plaintiff from the kind of misconduct he has engaged in. The Court's October 3, 2022, order specifically advised "that the failure to comply with a Court order may result in the imposition of sanctions and dismissal of the action. Local Rule 110." (ECF No. 43 at 5.) Thus, attempting a less drastic action, such as issuing an order to show cause, would be futile because Plaintiff has failed to comply with the Court's October 3, 2022 order. Further, Plaintiff failed to file a response to the instant motion to dismiss. In addition, Plaintiff is now on parole, so he is not facing any extension of his prison sentence, and he lacks the capacity to pay a monetary penalty.

# IV.

# RECOMMENDATIONS

Failing to comply with court orders and rules can be grounds for sanctions. Fed. R. Civ. P. 41(b); Local Rule 110. Because Plaintiff has repeatedly failed over an extended period to comply this Court's orders and with federal and local rules, the sanction of dismissal is appropriate. For these reasons, it will be recommend that Defendants' motion to dismiss be granted. Because dismissal of this action will render Defendants' motion for summary judgment moot, it will also be recommended that it be denied as such.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  defendants' motion to dismiss the action for Plaintiff's failure to prosecute be granted; and

2.  Defendants' motion for summary judgment be denied as rendered moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 27, 2023**

UNITED STATES MAGISTRATE JUDGE